IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARQUET JOHN HARPER,       )
                                 )
          Plaintiff,     )
                                 )
v.                             )    Civil Action No. 3:10CV271–HEH
                                 )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security,   )
                                 )
         Defendant,    )

MEMORANDUM OPINION
(Adopting the Magistrate Judge's Report and Recommendation)

This is an action contesting the denial of Social Security Disability payments by the Commissioner of Social Security ("Commissioner"). It is presently before the Court on the Report and Recommendation ("R&R") of the magistrate judge concerning the parties' cross motions for summary judgment. For the reasons stated below, the R&R will be adopted, Plaintiff's motion for summary judgment and motion to remand will be denied, Defendant's motion for summary judgment will be granted, and the Commissioner's denial of benefits will be affirmed.

I.

On April 23, 2008, Marquet John Harper ("Plaintiff") filed for Social Security Income ("SSI") payments. With an alleged onset date of April 23, 2008, Plaintiff claimed disability due to mental impairment, residual chest pain from a 2003 stab wound, and leg pain. (R. at 10.) The Social Security Administration denied Plaintiff's claims

initially and on reconsideration.  (R. at 8.)  At his request, Plaintiff's claim was then

heard by an Administrative Law Judge ("ALJ") on September 11, 2009.  (R. at 23–26.)

Following that hearing, on October 7, 2009, the ALJ issued a decision concluding

that Plaintiff was not disabled.  The ALJ found that based on Plaintiff's age, education,

work experience, and residual functional capacity ("RFC"), there were jobs that existed

in significant numbers in the national economy that Plaintiff could perform.  (R. at 17.)

The Appeals Council subsequently denied Plaintiff's request for review, making the

ALJ's ruling the final decision of the Commissioner, subject to judicial review by this

Court.  (R. at 1–3.)

Plaintiff filed a complaint in this Court seeking review of the Commissioner's

decision.  Both parties filed motions for summary judgment, which were referred to a

magistrate judge for a R&R.  The magistrate judge concluded that the ALJ applied the

correct legal standards in evaluating the evidence, and that substantial evidence in the

record exists to sustain the ALJ's conclusion that Plaintiff is not disabled.  Accordingly,

the magistrate judge recommended that Plaintiff's motion for summary judgment and

motion to remand be denied, the Commissioner's motion for summary judgment be

granted, and the final decision of the Commissioner be affirmed.

Plaintiff objected to the R&R, and the Commissioner filed a response to this

objection.  In particular, Plaintiff objects to the finding that the Commissioner's decision

need not give controlling weight to the opinion of Therese May, Ph.D. ("Dr. May").

Dr. May performed a consultative exam with Plaintiff and reviewed a Function

Report Form completed by Plaintiff's mother on July 16, 2008.  Although Dr. May did

2

not have access to Plaintiff's previous cognitive testing or school records (R. at 263), Dr. May found Plaintiff's disability warranted financial assistance (R. at 267). Then, on July 21, 2008, expert state psychologist Leslie Montgomery ("Dr. Montgomery") reviewed several of Plaintiff's cognitive evaluations—including Dr. May's assessment—as well as other evidence available on the record. (R. at 242, 247.) Dr. Montgomery found Plaintiff could partake in work, "despite the limitations resulting from his impairments" (R. at 247), and her decision was subsequently reviewed and affirmed by a second expert state psychologist, Stephen Saxby, Ph.D. ("Dr. Saxby"). (R. at 250.)

Plaintiff contends that Dr. May's assessment of Plaintiff was accurate and that Dr. Montgomery's findings are of lesser value because she did not examine Plaintiff. Plaintiff further claims that Dr. Montgomery's findings conflict with earlier evaluations—done by Dr. Roy in August 2002 and Dr. Fulford in February 2004—and that Dr. May's opinion is more consistent with these earlier evaluations. (Pl.'s Obj. 3–5.) Plaintiff therefore asserts that Dr. May's opinion should be given more probative weight than Dr. Montgomery's decision.

## II.

The Court reviews *de novo* any part of the magistrate judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the magistrate judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In order to successfully claim SSI disability benefits, a claimant must first not be taking part in work that constitutes substantial gainful activity ("SGA") at the time of

application. 20 C.F.R. §§ 416.920(b), 404.1520(b). Secondly, a claimant must prove that he has "a severe impairment . . . or combination of impairments which significantly limit[] [his] physical or mental ability to do basic work activities," § 416.920(c), and such impairment must cause more than a minimal effect on one's ability to function. *See* § 404.1520(c). Thirdly, if the impairment matches or equals one of the impairments listed in the Act, and the impairment lasts—or is expected to last—twelve months, then it constitutes a qualifying impairment and the analysis ends. §§ 416.920(d), 404.1520(d); *see* 20 C.F.R. pt. 404 subpart P app. 1 (listing of impairments). However, if the impairment does not meet or equal one of those listed, then the ALJ must compare the claimant's RFC[1] with the "physical and mental demands of [the claimant's] past relevant work," and if such work can be performed then benefits will not be given. §§ 416.920(f), 404.1520(f). If the claimant cannot perform past work, then the burden shifts to the Commissioner to show—through an analysis conducted by the ALJ—that the claimant is capable of performing other work that is available in significant numbers in the national economy given the claimant's age, education, past work, and RFC. §§ 416.920(g)(1), 404.1520(g)(1); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

Importantly, when the ALJ reviews a claimant's work and medical history, "[f]indings of fact made by [s]tate agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an

---

[1] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities on a 'regular and continuing basis.' A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ must describe the maximum amount of work-related activity the claimant can perform—in an ordinary work setting on a regular and continuing basis—based on the evidence available on the case record. *Id.*

individual's impairment(s) must be treated as opinion evidence of nonexamining [sic]

sources . . . ." SSR 96-6p, 1996 WL 374180 (July 2, 1996). Furthermore, when the ALJ

evaluates opinion evidence, more weight will be given to opinions that (1) include a

better explanation for their basis, and (2) are generally consistent with the record as a

whole. § 416.927(d)(3)–(4).

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. §

405(g), the Court must accept the Commissioner's findings of fact if they are supported

by substantial evidence and were reached by applying the correct legal standard. *Hines v.*

*Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). A finding is supported by substantial

evidence if it is based on "relevant evidence [that] a reasonable mind might accept as

adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.

2005). In other words, substantial evidence requires more than a scintilla, but less than a

preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

In determining whether substantial evidence exists, the Court must consider the

record as a whole. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96

(4th Cir. 1991), *superseded on other grounds*, 20 C.F.R. § 404.1527. The Court may not,

however, weigh conflicting evidence, evaluate the credibility of evidence, or substitute its

judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176. In short, if

"conflicting evidence allows reasonable minds to differ as to whether a claimant is

disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at

653. However, if the Commissioner's decision is not supported by substantial evidence

on the record, or if the ALJ has made an error of law, this Court must reverse the

decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III.

As stated in the magistrate judge's R&R, the ALJ found that Plaintiff had not

engaged in SGA since the alleged onset of his disability, but that none of Plaintiff's

conditions—severe impairments of border intellectual functioning, an affective disorder,

and a speech impediment—met or equaled any listing in 20 C.F.R. Part 404, Subpart P,

Appendix 1, as required for the award of benefits at that stage. (R. at 10–13.) After

finding that Plaintiff had the RFC to "perform a full range of work at all exertional levels,

but with . . . nonexertional limitations" (R. at 13), and that Plaintiff had no past relevant

work experience (R. at 16), the ALJ determined that there were occupations existing in

significant numbers in the in the national economy that Plaintiff could perform (R. at 17).

Specifically, the ALJ found that although Plaintiff "is limited to simple, routine tasks

with short, simple instructions, and . . . cannot engage in interactions with the general

public or production pace work" (R. at 13), Plaintiff "could perform occupations such as

a janitor, laundry sorter, or dishwasher" (R. at 17). As such, the ALJ concluded Plaintiff

was not disabled, was employable, and was not entitled to benefits. (R. at 8.)

Plaintiff's Objection to the R&R challenges the Commissioner's decision not to

give controlling weight to Dr. May's opinion, and Plaintiff specifically argues that the

"ALJ gave the greatest weight to the opinion of the non-examining, non-treating, state

agency medical health consultant [Dr. Montgomery] . . . ." (Pl.'s Obj. 1.) The ALJ based

this decision on Dr. Montgomery's status as a state agency medical health consultant.

Opinions from such individuals are to be treated as expert medical opinions from non-evaluating sources. SSR 96-6p, 1996 WL 374180 (July 2, 1996). The ALJ therefore reasonably evaluated and gave controlling weight to Dr. Montgomery's opinion.

Additionally, Plaintiff downplays that Dr. May did not have access to Plaintiff's previous cognitive testing or school records, and stresses that Dr. May's "assumptions about these items were remarkably accurate . . . ." (Pl.'s Obj. 3.) There are, however, significant differences. Specifically, Dr. May found that Plaintiff is "likely to decompensate under the stresses of competitive work. . . . [and] require[es] supervision of funds." (R. at 266.) This is consistent with Dr. Roy's 2005 evaluation of Plaintiff insofar as Dr. Roy identified "[p]roblems with learning and employment" (R. at 219), but contradicts Dr. Roy's statement that Plaintiff "is an able-bodied man; and there are things that people who are not well endowed intellectually, but who are well bodied can [sic] do." (R. at 219.) Notably, Dr. Roy also opined that Plaintiff is "helpful and cooperative" with "normal" thinking processes (R. at 218), and found "no evidence of paranoia or delusions" (R. at 219).

Further, Dr. May found that Plaintiff "[d]oes not know how to cook[] and his mother takes care of all his needs" (R. at 266), but it is a matter of record that Plaintiff cleans his room (R. at 28); performs light housekeeping (R. at 218); takes care of his personal, hygienic needs (R. at 173–72); does laundry (R. at 32); and prepares small meals (R. at 138). Dr. May's above statement contradicts what is contained in the record—perhaps because she did not have access Plaintiff's cognitive testing or school

records (R. at 16, 263)—and for that reason may be apportioned lesser weight in the ALJ's final determination, pursuant to 20 C.F.R. section 416.927(d)(4).

It is logical that the ALJ would give more probative value to Dr. Montgomery's opinion because it integrated three other doctors' evaluations as well as Plaintiff's other records. (R. at 243, 247.)  In contrast, Dr. May's report only relied on observations of Plaintiff and a Function Report Form completed by Plaintiff's mother (R. at 262). Furthermore, Dr. May's findings were inconsistent with the record as a whole.  Although this Court may not "weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings," *Mastro*, 270 F.3d at 176, when "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision, *Johnson*, 434 F.3d at 653, provided it is based on something less than a preponderance, but more than a scintilla of evidence. *Mastro*, 270 F.3d at 176.

There is presently conflicting evidence as to whether Plaintiff is disabled, and this Court finds no unreasonableness in the opinions of Dr. May, Dr. Montgomery, or the decision of the ALJ.  Although it is reasonable that Dr. May believed—after a single evaluation and not having access to Plaintiff's records—that Plaintiff could not work and thus required financial assistance (R. at 266), it is also reasonable that Dr. Montgomery came to a different conclusion after reviewing Dr. May's opinion in light of Plaintiff's past cognitive evaluations and school records (R. at 16).  Furthermore, the soundness of Dr. Montgomery's opinion—and, by implication, the ALJ's final decision—is underscored by Dr. Saxby's review and affirmation of the decision as written.  (R. at

8

250.) Indeed, at no time does Dr. Roy opine that Plaintiff's impairments make him unable to work (R. at 217), and Dr. Fulford also stops well short of making such a determination (R. at 223).

Therefore, without having to rely on conflicting evidence, this Court finds that the Commissioner's decision to deny benefits is supported by "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson*, 434 F.3d at 653. As the ALJ's decision is supported by substantial evidence on the record, and because the ALJ has not made an error of law, this Court must defer to the Commissioner's decision and deny Plaintiff's application for benefits.

## IV.

For the aforementioned reasons, Plaintiff's objections to the R&R are overruled and the R&R will be adopted. Plaintiff's motion for summary judgment and motion to remand will be denied, Defendant's motion for summary judgment will be granted, and the final decision of the Commissioner will be affirmed.

/s/

Henry E. Hudson
United States District Judge

Date: **Aug. 25, 2011**
Richmond, VA

9